UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIAN FISCHLER, Individually and on behalf of
all other persons similarly situated,       18 Civ. 04049 (NGG)(VMS)

                                Plaintiff,

    - against -

GREYSTAR WORLDWIDE, LLC,

                                Defendant.
------------------------------------------------------------X

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This February 12, 2019 Settlement Agreement ("Agreement") is entered into between Plaintiff Brian Fischler ("Plaintiff") and Defendant Greystar Worldwide LLC ("Defendant") (collectively the "Parties").

WHEREAS, Plaintiff filed an action in the United States District Court for the Eastern District of New York (the "Court"), captioned <u>Brian Fischler v. Greystar Real Estate Partners, LLC et al.</u>, Case Number: 18-cv-4049(NGG)(VMS) against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, 28 C.F.R. Part 36 (the "ADA"); the New York State Human Rights Law; the New York State Civil Rights Law; the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 <u>et seq.</u>; and declaratory relief (the "Action"), as a putative class action;

WHEREAS, Plaintiff asserts in the Action that Defendant operates a place of public accommodation and that its website www.greystar.com (the "Website"), are a good or service of a place of public accommodation, as those terms are understood under the ADA, NYSHRL and NYCHRL; and

WHEREAS, Plaintiff asserts that the Website is not fully accessible to the visually impaired, and that it therefore violates the ADA, NYSHRL, and NYCHRL; and

WHEREAS, Defendant disputes Plaintiff's allegations and expressly denies that the Website is covered by the ADA or any other statute, regulation, or rule related to the accessibility of public accommodations to individuals with disabilities, that the Website is a place of public accommodation, and that Defendant has violated the ADA or any other accessibility or public accommodations laws by virtue of its operation of the Website or otherwise;

WHEREAS, the Parties have agreed to a full and complete settlement of the Action on an individual basis rather than a class basis, and acknowledge that this resolution serves all Parties' interests in that they desire to avoid further expense, time, effort, and the uncertainty of litigating a still-developing, and at times conflicting, area of law;

WHEREAS, Plaintiff and Defendant have agreed to a full and complete settlement of the Action and any and all issues pertaining to the accessibility of the Website for individuals with disabilities including, but not limited to the ADA, and any other federal, state, or local laws, regulations, or codes governing the accessibility of the Website for individuals with disabilities and/or any other accessibility issues, without any admission of liability by Defendant;

WHEREAS, the parties intend to have the Court approve a proposed consent decree which memorializes in part this Agreement, and further intend to have the Court retain jurisdiction over the matter, although the settlement will remain effective even if the Court does not approve it or requires modifications insofar as Defendant will remain obligated to make the payment of attorneys' fees described below and to engage in the remediation work also described below;

NOW THEREFORE, in consideration of the promises and mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as a full and complete settlement of the Action and any and all issues pertaining to the accessibility of the Website.

1. <u>General Release of Claims</u> For and in considering the promises, commitments and undertakings in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff releases and discharges Defendant, together with its past, present, and future officers, directors, employees, stockholders, parent entities, affiliates, insurers, re-insurers, including but not limited to Greystar subsidiary entities, including but not limited to Greystar Management Services L.P., and Greystar Real Estate Partners, LLC, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, each in their capacity as such (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action, but not including claims related to the enforcement of this Agreement. This release specifically applies to all claims regarding the accessibility of the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims"). Plaintiff acknowledges that he may have released claims that are presently unknown and that the release

contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendant and Released Parties. Plaintiff covenants not to sue or to assert any other claims against the Released Parties that are released pursuant to this Agreement, and he acknowledges that he will be responsible for payment of the Released Parties' attorneys' fees, costs and disbursements if he violates that covenant.

2. <u>Settlement Payment, Counter-executed Agreement and Stipulation of Dismissal</u>

a. The amount of consideration being paid pursuant to this Agreement is set forth in a separate side letter among counsel. (the "Settlement Payment"). The Settlement Payment consists of any and all compensatory damages, statutory penalties, reasonable attorneys' fees, expense, costs, including expert costs and any re-inspection cost, incurred or to be incurred in this matter, which are paid to Plaintiff's Counsel in lieu of statutory fees or penalties that might otherwise be recoverable under the ADA or otherwise applicable federal, state or local accessibility laws.

3. <u>Remedial Measures</u> Under this Agreement, Defendant will make modifications to the Website, and take certain other actions, calculated to enhance the existing level of accessibility of the Website.

a. <u>Website Modifications</u> Within 12 months after the Agreement's Effective Date as defined in Paragraph 16 (the "Modification Period"), Greystar Worldwide, LLC shall modify the Websites as needed to achieve substantial conformance with Web Content Accessibility Guidelines (WCAG) 2.1, level AA the ("applicable WCAG standard"). In achieving such conformance, Greystar Worldwide, LLC may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring

Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Greystar Worldwide, LLC and Defendant, in reasonably relying upon any of the foregoing, fail to achieve substantial conformance with the applicable WCAG standard, Greystar Worldwide, LLC and Defendant will have nonetheless met their obligations under this Agreement.

The Parties acknowledge that Defendant's and Greystar Worldwide, LLC's obligations under this Agreement do not include: (i) substantial conformance with the applicable WCAG standard for user-generated content and/or other content or advertisements and/or Websites Defendant or Greystar Worldwide, LLC do not own, operate or control but that are linked from the Websites (including, but not limited to, any content/Websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the Federal law, U.S. Department of Justice or a Court of Law with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant/Greystar Worldwide, LLC may have utilized are not required by applicable law, Defendant/Greystar Worldwide, LLC may choose, in their discretion, to cease the remediation efforts described above.

   b. <u>Website Accessibility Notice Statement.</u> Within 30 days after the Modification Period, Defendant shall add a section or link to the Website labeled "Accessibility" which shall contain, at least, a statement setting forth the Website's compliance with the

applicable WCAG standard and provide an email address, telephone number or link through which users of the Website can provide feedback regarding the Website's accessibility and address accessibility issues if any.

    c.    <u>Completing Remedial Measures</u> Within 30 days of doing so, Defendant shall notify Plaintiff's Counsel (via email is sufficient) that Defendant has fulfilled its obligations under Paragraphs 3.a-3.b. of this Agreement.

    4.    <u>Court's Continued Jurisdiction</u> The Parties agree that they will be asking the Court to exercise continued jurisdiction over this Action, including to enforce this Agreement. This Agreement will be filed with the Court together with the consent decree which the Parties will ask the Court to 'so-order'. The consent decree in this Action is being executed contemporaneously with the execution of this Agreement.

    5.    <u>Enforcement</u> If any of the Parties claim this Agreement or any portion of it has been violated ("breach"), excluding for Defendant's failure to pay the Settlement Payment as provided in paragraph 2(a), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than thirty (30) calendar days thereafter (the "Cure Period"). If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek enforcement of compliance with this Agreement from the Court. In the event that Plaintiff's counsel does not timely receive from Defendant the Settlement Payment in accordance with Paragraph 2(a), Plaintiff's counsel shall send a notice to

cure to Defendant's counsel, and Defendant shall have five (5) days to cure the default and if it fails to do so Plaintiff may seek appropriate relief from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action. All parties acknowledge that the Court has continued subject-matter jurisdiction over this case, and authority to enter this Settlement Agreement as an order, and to enforce its terms.

6. <u>Scope</u> This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal or state law, other than those relating to the accessibility of the Website to individuals with vision disabilities.

7. <u>Authority</u> The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

8. <u>Confidentiality</u>

a. Plaintiff, for himself and his Counsel, agents and representatives, and Defendant, its Counsel, agents and representatives, agree that, they will not without the prior written consent of the other Party communicate, publish, display, discuss, disclose, reveal or characterize (directly or indirectly by innuendo or other means) in any way to anyone under any circumstances (i) this Agreement's monetary terms and (ii) the negotiations leading up to this Agreement, except (a) as may be required by Court Order or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to Plaintiff's or Defendant's legal and financial advisors, in each case where such disclosure may be required for legitimate legal, business or tax purposes and where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement, (c) to any appropriate regulatory or tax authorities with jurisdiction over Plaintiff or Defendant, and

(d) as otherwise may be required by law. Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet website, chat room, instant messaging or any other similar medium). If Plaintiff or Defendant, or their respective Counsel, agents or representatives receive an unsolicited inquiry about this Agreement, the Action, any disputed matter, any released claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only that "the matter has been amicably resolved." If any Party shall be in material breach of the obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision. The Parties further agree that non-breaching Party shall be entitled to recover from the breaching Party his or its attorneys' fees and costs expended in any action or proceeding to enforce this Paragraph of this Settlement Agreement.

      b.     Notwithstanding Paragraph 8.a., Defendant and the Released Parties may disclose this Agreement and its contents to litigants and claimants who are claiming the Website is not accessible.

      9.     <u>Counterparts and Plaintiff Executing the Agreement via DocuSign</u> This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures. As Plaintiff represents to be visually impaired, it is permissible for him to electronically sign the Agreement using DocuSign.

10. <u>Notices</u> All letters, notices, requests, demands and other communication required or permitted to be given to the Parties under this Agreement shall be in writing, provided by email, facsimile, or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:

Douglas B. Lipsky
LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, NY 10017
doug@lipskylowe.com
Tel: 212.392.4772

For Defendant:

Peter T. Shapiro
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York
peter.shapiro@lewisbrisbois.com
Tel: 212.232.1300

With Copy to:

Greystar Worldwide, LLC
Attn: Legal Services
18 Broad Street
Suite 300
Charleston, SC 29401

11. <u>Governing Law</u> The laws of the State of New York shall govern this Agreement without regard to conflicts or choice of law rules or principles. Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

12. <u>Waiver</u> If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

13. <u>Non-Assignment</u> Plaintiff represents and warrants that he has the full legal right to enter into this Agreement on his own behalf and that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth

above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

14. <u>Representation by Plaintiff's Attorney</u>   Plaintiff's attorney, Douglas B. Lipsky, represents and warrants that as of the time he executed this Agreement for the purpose of making representations set forth in this paragraph, he and his law firm: (1) are not representing any person other than Plaintiff who has or may have a claim against Defendant arising under the ADA or any other statute or regulation protecting disabled persons; and (2) has no potential clients who have or may have a claim against Defendant arising under the ADA or any other statute or regulation protecting disabled persons.

15. <u>Non-admission of Wrongdoing</u>   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

16. <u>Effective Date</u>   This Agreement shall become effective on the date Plaintiff signs it, and it shall remain effective during the entire Modification Period.

17. <u>Amendment</u>   This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

18. <u>Successor and Assigns</u>   This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

19. <u>Construction of Agreement</u>   The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its

drafter. The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

20.     <u>Severability</u> If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except Paragraph 1 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.

21.     <u>Integration and Modification</u> This Agreement contains all of the representations, promises, and understandings of the parties. No other agreements or understandings exist except as set forth therein.

<u>SIGNATURE PAGE FOLLOWS</u>

Intending to be legally bound the Parties have executed this Agreement.

| BRIAN FISCHLER | GREYSTAR WORLDWIDE, LLC |
|---|---|
| *Brian Fischler* (DocuSigned by: 95396C0F3D92430...) | By: _____ |
| Dated: 2/12/2019 | Title: _____ |
| | Dated: _____ |

DOUGLAS B. LIPSKY (AS TO § 14)

_[signature]_

Intending to be legally bound the Parties have executed this Agreement.

BRIAN FISCHLER                          GREYSTAR WORLDWIDE, LLC

                                        By: _____Ed_____

                                        Title: __Vice President_____

Dated: _____          Dated: __2/25/2019_____


DOUGLAS B. LIPSKY (AS TO § 14)

_____